UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,     )
                         )
          Plaintiff,     )
                         )
     v.               )      Cause No.  1:04-cr-0192-SEB-DML
                         )
JAMES MCGINNIS, II,         )              - 01
                         )
         Defendant.     )

## REPORT AND RECOMMENDATION

On October 13, 2017, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on March 21, 2017.  Defendant McGinnis appeared in person with his appointed counsel William Dazey.  The government appeared by Barry Glickman, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jason Nutter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

     1.      The Court advised Defendant McGinnis of his rights and provided him with a copy of the petition.  Defendant McGinnis orally waived his right to a preliminary hearing.

     2.      After being placed under oath, Defendant McGinnis admitted violation 3. [Docket No. 17.]

     3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|

3     **"The defendant shall notify the probation officer at least ten days prior to any change of residence or employment."**

A search warrant was served on March 16, 2017, at 3402 S. Emerson Avenue, Indianapolis, the residence believed to be that of James McGinnis. The victim of the previously alleged offense was the defendant's friend and employer. The victim stated the defendant has been living at this residence, where the search warrant was executed, for approximately four to five months. The probable cause affidavit filed on March 16, 2017, reveals 3402 S. Emerson Avenue, Indianapolis, as the defendant's residence. The defendant failed to report this residence to his probation officer.

4. The government moved to dismiss violations 1, 2, and 4 and the same granted.

5. The parties stipulated that:

(a) The highest grade of violation is a Grade C violation.

(b) Defendant's criminal history category is III.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

6. Parties jointly recommended a sentence of twelve (12) months with no supervision to follow. Defendant requested placement at FCC Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Court will make a recommendation of placement at FCC Terre Haute.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  10/13/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal